IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 89-CR-0090-003-HDC |
| TROY T. COLEMAN, | ) | USM Number: 06337-062 |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 212).

Defendant was found guilty by jury verdict of the offenses of conspiracy, in violation of 21 U.S.C. § 846, and possession with intent to distribute controlled substance (cocaine base), in violation of 21 U.S.C. § 841(a)(1). At the original sentencing, the Court imposed a term of 360 months as to Counts One and Two, said counts to run concurrently, each with the other. The sentence was derived from application of United States Sentencing Guidelines (USSG) § 2D1.1, which provided for a base offense level 36 based on 500 grams or more of cocaine base, and a 2-level enhancement under § 2D1.1(b)(1) for possession of a firearm, for a total offense level of 38 and a sentencing range of 360 months to life.[1] In July 2008 the Court granted defendant's § 3582(c) motion for reduction of sentence based on retroactive Amendment 706, and reduced the sentences to concurrent 302-month terms (Dkt. # 200).

---

[1] Defendant's sentence based on total offense level 38, which included a 2-level increase for possession of a firearm during the commission of the offense, was affirmed. United States v. Coleman, 947 F.2d 1424 (10th Cir. 1991).

Defendant moves again under § 3582(c), citing retroactive Amendment 591 as his basis for reduction of sentence. Retroactive Amendment 591 revises two sections of the Sentencing Guidelines (USSG §§ 1B1.1(a), 1B1.2), and the Statutory Index's introductory commentary, to clarify the inter-relationship among these provisions and that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction, without regard to relevant conduct of the defendant; and clarifies USSG § 2D1.2 to address a circuit conflict, by stating that the enhanced penalties of § 2D1.2 apply only in a case in which the defendant was convicted of an offense referenced to that guideline. Amendment 591 is not relevant to the facts of this case for two reasons. First, the Court used the Statutory Index (Appendix A) to determine the most applicable offense guideline for the counts of conviction. See Appendix A (Guideline Manual effective November 1, 1988), referencing USSG § 2D1.4 for a § 846 conviction and USSG § 2D1.1 for a conviction under § 841(a)(1).[2] The second purpose of Amendment 591, clarifying application of § 2D1.2, is not applicable here because the Court correctly applied § 2D1.1.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission by virtue of Amendment 591,

---

[2] Section 2D1.4 directs that if the defendant is convicted of a conspiracy, the offense level shall be the same as if the object of the conspiracy had been completed. Pursuant to USSG § 1B1.2, comment. (n.1), the Court chose § 2D1.1, the referenced offense guideline that was most appropriate for the offense conduct charged in the conspiracy count. Defendant was also charged with possession with intent to distribute cocaine base. Appendix A directly references offense guideline § 2D1.1 for offenses involving the possession of or trafficking in controlled substances. See also PSR, ¶¶ 13 & 14.

this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

Although defendant casts his request for review of his sentence as a § 3582(c) motion related to guideline revisions found in Amendment 591, the substance of his argument is that the Court made offense conduct findings that resulted in guideline enhancements related to conduct not specifically charged in the offenses of conviction, specifically, the 2-level enhancement for possession of a firearm pursuant to § 2D1.1(b)(1). His argument is actually an alleged Apprendi, Blakely, and Booker violation. A number of Circuits, including the Tenth Circuit, have rejected all attempts to apply retroactively the constitutional rights first recognized in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), and subsequently extended in United States v. Booker, 543 U.S. 220 (2005). Section 3582(c)(2) does not permit a reduction in sentence based on Supreme Court decisions that are unrelated to an actual amendment of the guidelines. See United States v. Price, 438 F.3d 1005 (10th Cir. 2006) (held that Booker itself does not provide requisite authority to reopen sentencing proceedings under § 3582(c)); United States v. Burkins, 157 Fed. Appx. 55, 2005 WL 3278033, *1 (C.A. 10 (Okla.)) (rejecting Booker and Blakely claims and finding defendant not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) because his sentencing range was not lowered by the Sentencing Commission after he was sentenced); see also United States v. Smartt, 129 F.3d 539, 541 (10th Cir.1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by § 3582(c), the district court lacks jurisdiction to consider defendant's request). Section 3582(c)(2) authorizes modification of a sentence only as a result of an amendment to the guidelines made retroactive by the Sentencing Commission and is not a means to attack the constitutionality of a sentence.

At the original sentencing, the district court correctly determined the Chapter Two offense guideline referenced in the Statutory Index based on the offenses of conviction, and accurately calculated a guideline sentence. This Court has concluded the defendant is not entitled to a sentence reduction resulting from Amendment 591 because the guideline amendment does not result in a lowering of the guideline range. Finally, for reasons stated herein, defendant is not permitted relief under an Apprendi, Blakely or Booker claim of constitutional error in sentencing.

**IT IS THEREFORE ORDERED** that the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 212) is **dismissed for lack of jurisdiction**.

**DATED** this 9th day of March, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT