# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 89-CR-090-003-HDC[1] |
| TROY T. COLEMAN, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Now before the Court are defendant's Request to Proceed without Prepayment of Filing Fees with Declaration in Support (Dkt. # 217) and Motion for Extension of Time of File Notice of Appeal; Declaration of Troy T. Coleman; Declaration of Teausha Coleman; Declaration of Sebastian Randolph; and Memorandum of Points and Authorities (Dkt. # 218). Defendant requests leave to proceed without prepayment of fees and costs on appeal. Dkt. # 217. This Court previously determined that defendant was financially unable to obtain an adequate defense and appointed counsel to represent him. Dkt. # 194. Accordingly, pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, defendant may proceed on appeal in forma pauperis without a redetermination of indigence or further authorization by this Court. If the Tenth Circuit Court of Appeals determines that it has jurisdiction over defendant's appeal, he is permitted to file and maintain his appeal to conclusion without prepayment of fees and costs.

Defendant was charged with conspiring to violate the federal drug laws in violation of 21 U.S.C. § 846, possession of cocaine base (crack) with intent to distribute, and use of a firearm in

---

[1] This case was assigned to the Honorable H. Dale Cook and the undersigned is handling this matter in her capacity as the chief district judge.

furtherance of a drug trafficking crime. Defendant exercised his right to a jury trial and was convicted on both drug charges and acquitted of the firearm charge. Defendant was originally sentenced to concurrent sentences of 360 months and 120 months imprisonment. On July 18, 2008, defendant's sentence was reduced to 302 months pursuant to retroactive amendments to the United States Sentencing Guidelines reducing the sentences for drug offenses involving crack. Dkt. # 200. Defendant had requested a greater reduction in his sentence and he appealed the order denying in part his request for a sentencing reduction. The Tenth Circuit affirmed defendant's sentence. Dkt. # 208.

On March 7, 2011, defendant filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c) (Dkt. # 212). The Court entered an opinion and order (Dkt. # 213) denying defendant's motion on March 9, 2011. Defendant filed a notice of appeal (Dkt. # 214) on April 13, 2011, and the notice of appeal contains a certificate of service stating that it was placed in institutional mail on April 8, 2011. The notice of appeal was filed more than 14 days after entry of the opinion and order, and defendant filed a motion for extension of time to file a notice of appeal (Dkt. # 218). Defendant states that he received the order denying his § 3582(c) motion on March 18 or 19, 2011, and claims that he initially chose not to file a notice of appeal because he erroneously believed that he had missed the deadline to appeal. Dkt. # 218, at 2. He claims that he conducted research in the prison library and learned that courts may grant additional time to file an appeal to incarcerated parties due to difficulties with receiving institutional mail. Id. at 7. He sent an e-mail to his daughter, TeAushia Coleman, on March 22, 2011 explaining that the Court denied his motion, and he claims that his daughter contacted his "legal research writer," Sebastian Randolph. TeAushia Coleman has submitted a declaration stating that she learned on March 19, 2011 of the denial of

defendant's § 3582(c) motion and defendant e-mailed a copy of the order to her on March 22, 2011. Id. at 5. She states that she forwarded the order to Randolph and she believed that Randolph drafted a notice of appeal on defendant's behalf. Id. at 5-6. Randolph states that he "prepares legal documents for Troy Coleman" and he claims that he filed a notice of appeal on defendant's behalf.[2] Id. at 16-17.

Defendant requests an extension of time to file his notice of appeal under Fed. R. App. P. 4(b)(1). Under Rule 4(b), an appeal must be filed within 14 days of a criminal judgment or any other final order. The time to file an appeal may be extended up to 30 days "[u]pon a finding of excusable neglect or good cause," and the defendant bears the burden to establish excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979). A district court should consider four factors to determine if excusable neglect or good cause has been shown: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993)). While the Court must consider all of these factors, the factors do not carry equal weight and the movant's "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable." Id. at 1163 (quoting City of Chanute, Kansas v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994). It does not constitute excusable neglect when a party

---

[2] Randolph does not state that he is an attorney licensed to practice law in any state and he is not identified as defendant's attorney on the docket sheet. In fact, there is no evidence suggesting that Randolph is an attorney.

3

files an untimely appeal based on a misunderstanding of the applicable deadline. United States v. Madrid, 633 F.3d 1222, 1228 (10th Cir. 2011).

The first, second, and fourth Torres factors support defendant's motion for an extension of time to file a notice of appeal. There is no danger of prejudice to the plaintiff if defendant's motion is granted. The length of defendant's delay in filing the notice of appeal was not excessive and the delay would not adversely impact the judicial proceedings. There is also no evidence that defendant acted in bad faith or purposefully delayed filing his notice of appeal to cause any disadvantage to plaintiff. However, these factors are not sufficient by themselves to grant defendant an extension of time to file a notice of appeal. Torres, 327 F.3d at 1162-63 (district court abused its discretion by granting defendant an extension of time to file an appeal, even when these three factors favored the defendant, because defense counsel's misunderstanding of deadlines was not an adequate explanation for delay in filing a notice of appeal). Defendant has not provided an adequate explanation for his delay and it is clear that defendant's neglect is the sole reason for the delay. Defendant claims that erroneously believed that he had missed the deadline to appeal the denial of his § 3582(c) motion and he chose not to file an appeal immediately after receiving the Court's order due to this misunderstanding. Instead, he e-mailed a copy of the order to his daughter, and his daughter forwarded the order to his Randolph. Defendant claims that Randolph prepared and filed a notice of appeal after defendant learned from sources in the prison library that the Court may consider defendant's status as a prisoner when determining the timeliness of his appeal. Defendant also claims that delays in providing a copy of the Court's order to his Randolph prevented him from filing a timely notice of appeal. Even assuming that all of defendant's statement are true, this does not constitute excusable neglect. No external factors prevented defendant from immediately

4

appealing the denial of his § 3582(c) motion, and the key factor for the delay appears to be defendant's alleged misunderstanding of the applicable deadline to file a notice of appeal. The Tenth Circuit has expressly rejected this as a basis to find excusable neglect. Torres, 372 F.3d at 1163-64. Defendant attempts to explain some of the delay by asserting that his daughter and non-attorney "legal research writer" did not draft a notice of appeal in a timely manner. Defendant, not his daughter or "legal research writer," was responsible for filing a timely notice of appeal, and the Court will not consider any delay allegedly caused by third parties when determining if defendant has shown excusable neglect. Thus, defendant has not shown excusable neglect for filing an untimely notice of appeal and his motion for an extension of time to file a notice of appeal should be denied.

**IT IS THEREFORE ORDERED** that defendant's Request to Proceed without Prepayment of Filing Fees with Declaration in Support (Dkt. # 217) is **granted**, and Motion for Extension of Time of File Notice of Appeal; Declaration of Troy T. Coleman; Declaration of Teausha Coleman; Declaration of Sebastian Randolph; and Memorandum of Points and Authorities (Dkt. # 218) is **denied**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals in reference to Tenth Circuit Case No. 11-5049.

**DATED** this 9th day of June, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT